Common Pleas Court of Cuyahoga County.

FARMERS & MERCHANTS BANK V. GEO. W. STONE CO.

Decided 1929.

*Ernest Cornell, Philip Schwimmer,* and *Wertz & Breitenstein,* for plaintiffs.

*Tolles, Hogsett & Ginn,* for defendants.

WHITE, J.

For the convenience of counsel, as well as to avoid any controversy, the court prepares this memorandum of his finding in the above entitled case.

1st. The court finds that on May 15, 1925, the plaintiff was the owner of five $1,000 bonds of the Wymore Realty Co. of Cleveland, Ohio, of the total value of $5,000.

2d. That on said 15th day of May, 1925, the plaintiff sold to the George W. Stone Co. of Cleveland, the five $1,000 bonds of the Wymore Realty Co., and agreed to accept payment therefor from the George W. Stone Company five bonds of practically equal value, purporting to be bonds of a company known as the Overlook-Hills Realty Co.

That the George W. Stone Co. in the exchange of these bonds was represented by its duly authorized and licensed agent Roy C. Norris.

3d. That Roy C. Norris, as such agent of the George W. Stone Co., in order to induce the plaintiff to make the exchange of bonds, represented to the plaintiff that the bonds of the Overlook-Hills Realty Co. were a part of a $65,000 issue of first mortgage bonds on real estate owned

by the Overlook-Hills Realty Co. in East Cleveland; that they were shorter term bonds than the Wymore Realty Co. bonds with better security, and therefore more desirable bonds. Roy C. Norris acting as such agent further represented that the bonds were in the hands of the printer and would be ready for delivery within thirty to sixty days.

4th. The court finds there was no such company as the Overlook-Hills Realty Co. at the time complained of, and finds that all of the representations made by Roy C. Norris with reference to bonds of the Overlook Hills Realty Company were false and untrue.

5th. The court finds the George W. Stone Company issued to the plaintiff at the time the plaintiff delivered to the Wymore Realty Co. bonds to it, or within a short time thereafter, an interim certificate, which was in the form of a promissory note, reserving in said note the right to pay the same with bonds of the Overlook Hills Realty Company. The court further finds the plaintiff did not accept this interim certificate as payment for the bonds, but was only to hold the same as security until the bonds of the Overlook Hills Realty Company were ready for delivery and delivered.

6th. From the evidence in the case the court cannot find the defendant Roy C. Norris at the time he made the representations to the plaintiff concerning the Overlook Hills Realty Company bonds, knew they were false and untrue, and that he made them knowing they were false and fraudulent.

7th. The court finds the National Surety Company was a surety on the bond of Roy C. Norris in the sum of $2,500, and that the form of the bond was the regular bond form.

8th. The court further finds the plaintiff relied upon the representations made by Roy C. Norris, and because of such misrepresentations was induced to buy what was supposed to be bonds of the Overlook Hills Realty Company, and that by reason of such misrepresentations has been damaged to the extent of $5,000.

## CONCLUSIONS.

While it may be, and probably is, true that Roy C. Norris was not entirely familiar with all of the fraudulent transactions of the George W. Stone Co., and there seems to have been many, and while it may be true that he was misinformed as to the existence of the Overlook Hills Realty Co., yet his own admissions and the undisputed evidence is conclusive of the fact that he did make statements or representations that were false and untrue, and that the plaintiff, relying upon them, was damaged thereby in the sum of $5,000.

The section of the General Code under favor of which this action was brought, provides, in substance, that whoever sustains damages by reason of "misrepresentations" of licensed brokers or their agents, may recover of such broker or agent, or both, the amount of the damages so sustained. If it had been the intention of the Legislature to limit action for the recovery of damages for only fraudulent misrepresentations, the Legislature would surely have added the word "fraudulent."

By reading all of the sections in the chapter of the General Code regulating the sale of securities, including the criminal sections thereof, it is very evident that the Legislature in order to protect persons buying securities intended to provide a right and remedy to recover damages sustained by reason of misrepresentations, regardless of whether the misrepresentations were intentionally and fraudulently made, or unintentionally made. The Legislature used the term "fraudulent misrepresentations" in other sections of the chapter, and it can hardly be contended that it was left out of this particular section by mistake, and the word "fraudulent" should be read into the section to conform with the intention of the Legislature.

Judge Mauck, of the fourth appellate district, in delivering the opinion of that court in a rather recent opinion, says, in substance, that the state in issuing a license to a person to sell securities, which license he may exhibit to his customers, arms the broker or agent with credentials

such as would justify a person buying securities in believing that he would not make any misrepresentations as to the securities he was or might be offering for sale, and in return for such credentials the state demands that he make no misrepresentation, and if he does provides that he shall respond in damages therefor. *Ross* v. *Camden*, 22 Ohio App., 330. Certainly there could have been no more flagrant misrepresentations than were made in this case. Roy C. Norris, whether he knew it or not, by his misrepresentations induced the plaintiff to buy bonds in a company that was not in existence, never has been in existence, and it is very doubtful if the George W. Stone Co. ever intended it should exist.

The court is of the opinion the law was enacted to cover just such cases as we now have under consideration, and that this case falls fairly and squarely within the spirit and letter of the law.

After considering, more carefully, the motion of the defendant to dismiss the action as against the National Surety Co. in so far as it might be liable on the $10,000 bond of the George W. Stone Co. was concerned, the court is of the opinion that it was error to sustain the motion, but as the plaintiff at the same time asked to dismiss the action as against the National Surety Company in so far as it might be liable as surety upon the George W. Stone Co. bond without prejudice to its right to bring another action, there could be no prejudicial error because the court granted the plaintiff's motion.

A jury having been waived by consent of counsel, it is necessary for the court to make a finding, and an entry may be prepared finding the plaintiff, the Farmers and Merchants Bank of Millersburg, Ohio, is entitled to recover of the defendant Roy C. Norris the sum of $5,000 with interest thereon from the date set out in the petition, and in the event the plaintiff is unable to realize the full amount of his judgment from the defendant, the National Surety Co. is liable to the full extent of the bond of $2,500 or so much thereof as may be necessary to pay the judgment in full, and the entry may show a finding against both of the defendants to the extent named herein.